JOHN L. BURRIS, ESQ.   CSB#69888
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, CA  94621-1939
Tel: (510) 839-5200
Fax: (510) 839-3882
E/M: John.Burris@JohnBurrisLaw.com

Attorneys for L.W., a minor (plaintiff)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (SAN FRANCISCO--OAKLAND)

| | |
|---|---|
| L.W.., a minor, by and through his guardian ad litem, Troyreac Henry, | CIVIL NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES (CIVIL RIGHTS VIOLATIONS) |
| vs | |
| CITY OF OAKLAND, a municipal corporation; BRIAN CLIFFORD, as an individual and in his official capacity as a CITY OF OAKLAND police officer; and DOES 1 –25, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |
| -------------------------------------------------/ | |

## JURISDICTION

1.     This action arises under Title 42 of the United States Code, Section 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section 1331 and 1343.  The Northern District is the proper venue in that all the acts complained of occurred in the City of Oakland in the County of Alameda, which is

---
**COMPLAINT FOR DAMAGES (CIVIL RIGHTS—LAW ENFORCEMENT)**                                1


within this judicial district.  Plaintiff requests the Court exercise jurisdiction over pendent state claims and causes of action under Title 28 of the United States Code, Section 1367.  With respect to state causes of action, plaintiff has filed suit within the time periods prescribed by California Government Code §§ 911.2 and 945.6.  All administrative requirements precedent to bringing suit against these defendants and upon the causes of action set forth herein have been fulfilled.

## PARTIES

2.  Plaintiff L.W., a minor male, is, and at the time of the incident related herein was, a natural person, a citizen of the United States, and a resident of the State of California.  Plaintiff L.W. brings this suit through his guardian ad litem, Troyreac Henry.

3.  Plaintiff alleges that CITY OF OAKLAND is a governmental entity subject to suit pursuant to 42 U.S.C. § 1983 and <u>Monell vs Dept. of Social Services</u>, 436 U.S. 658 (1978).

4.  Defendant BRIAN CLIFFORD and DOES 1 through 25 were at all times mentioned herein employed by defendant CITY OF OAKLAND in the Oakland Police Department.  They are sued both in their official capacities as law enforcement officers for the CITY OF OAKLAND and as individuals personally liable for their own actions.  In engaging in the conduct described herein, while said defendants acted under the color of law in the course and scope of their employment, they exceeded the authority vested in them by the United States Constitution and by the CITY OF OAKLAND.

5.  Plaintiff is ignorant of the names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein, as DOES 1 through 25,

**COMPLAINT FOR DAMAGES (CIVIL RIGHTS—LAW ENFORCEMENT)**   2

inclusive and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages herein alleged were proximately caused by such defendants.

6. Plaintiff is informed and believe and hereon alleges that at all times mentioned, defendants, including those defendants sued as "DOE", and each of them, were the agents and employees of each of the other defendants, and in doing the things hereinafter alleged were acting within the scope of their authority as such agents and employees, and with the permission and consent of each other.  The relationships between defendants were and are created by agreement, by ratification, by ostensible authority or otherwise, and this paragraph is not a limitation on the manner in which said relationships were created as a matter of fact or a matter of law.

## STATEMENT OF FACTS

7. Plaintiff hereby incorporates paragraphs 1 through 6 by reference, as though the allegations therein were realleged at length and in full.

8. On April 8, 2013, plaintiff L.W., along with friends, was walking in downtown Oakland.  At approximately 10:30 p.m. they were walking in the direction of the Mexicali Rose restaurant and encountered persons not known to them who were intoxicated and belligerent.  Plaintiff and his friends turned and were walking away when a CITY OF OAKLAND police officer, who was parked nearby in a patrol car, drove towards plaintiff and, exiting the car, aimed her firearm at plaintiff and told him

_____
**COMPLAINT FOR DAMAGES (CIVIL RIGHTS—LAW ENFORCEMENT)**         3

and his friends to "freeze". Plaintiff and his friends complied but in short order, additional patrol cars arrived. Soon, plaintiff and his friends, all minors, were faced with numerous officers pointing firearms at them. No actions were taken by plaintiff or his friends that threatened the officers. They were wearing light clothing and their bare arms and hands were visible. The situation was fully controlled. At that point, an officer who plaintiff is informed and believes was BRIAN CLIFFORD ("CLIFFORD" or "Defendant") arrived in a patrol, yelled at plaintiff and his friends to lie down on the ground. He then shot at Plaintiff without lawful cause, placing Plaintiff in immediate fear of death. Plaintiff was placed in handcuffs, taken to the hospital and subsequently booked into jail. He was released the next day without being charged with any offense.

## DAMAGES

9. Plaintiff sustained severe emotional distress and trauma with flashbacks to the incident as a proximate result of being shot at and seeing one of his friends shot in the face on that occasion by CLIFFORD. As a proximate result of defendants' conduct, and each of them, plaintiff suffered severe emotional distress, anxiety, embarrassment, and loss of his sense of security, dignity, and pride as an African-American as a result of the unlawful detention and arrest, and unlawful use of force. The conduct of defendant CLIFFORD, and DOES 1-25, was malicious, oppressive and grossly reckless, warranting punitive damages. Plaintiff seeks recovery of those damages in addition to general damages.

10. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law and is therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of his civil rights.

---

**COMPLAINT FOR DAMAGES (CIVIL RIGHTS—LAW ENFORCEMENT)**  4

FIRST CAUSE OF ACTION
Violation of 42 U.S.C. § 1983
(CLIFFORD and DOES 1 – 25)

11. Plaintiff hereby incorporates paragraphs 1 through 10 by reference, as though fully set forth herein.

12. In doing the acts complained of herein, defendants acted under color of law to deprive plaintiff of certain constitutionally protected rights, including, but not limited to the right not to be deprived of liberty without due process of law and the right to be free from unlawful seizure, including excessive or wrongful use of force.

13. As a proximate result of defendants' wrongful conduct, plaintiff suffered injuries and damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

SECOND CAUSE OF ACTION
Assault and Battery
(CLIFFORD and DOES 1 – 25)

14. Plaintiff hereby incorporates paragraphs 1 through 13 by reference as though fully set forth.

15. Defendants committed assault and battery upon the person of Plaintiff by aiming firearms at him and behaving in a manner that made him fear of imminent death or great bodily injury, through their unwarranted use of force, shooting at him and his friends and placing him in handcuffs, although he was no threat to them or anyone else. Plaintiff did not consent to this treatment and it was not excused by circumstance or by law. This conduct caused Plaintiff emotional distress and humiliation.

16. The aforementioned acts of the individual Defendants were willful, wanton, malicious and oppressive and undertaken with conscious disregard of the

rights of Plaintiff entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants for the public good.

WHEREFORE, Plaintiff prays relief and judgment as set forth herein.

### THIRD CAUSE OF ACTION
California Civil Code §52.1(b)
(CLIFFORD and DOES 1 – 25)

17.     Plaintiff hereby incorporates paragraphs 1 through 16 by reference, as though fully set forth herein.

18.     The conduct of Defendants, as described herein, interfered with Plaintiff's enjoyment of his rights under the constitution of the state of California, including his right to be free from violence or the threat of violence.  Under the provisions of the Civil Code, Defendants are liable for exemplary damages and for twenty-five thousand dollars ($25,000) in addition thereto for each offense, and for the payment of plaintiff's attorney fees.

19.     As a proximate result of defendants' wrongful conduct, Plaintiff suffered violations of his constitutional rights and sustained damages.

WHEREFORE, plaintiff prays for relief as set forth herein.

### FOURTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress
(CLIFFORD and DOES 1 – 25)

20.     Plaintiff hereby incorporates paragraphs 1 through 19 by reference as though fully set forth.

21.     Defendants intended to shoot in the direction of plaintiff and handcuff Plaintiff and knew, or had reason to know that such conduct would cause Plaintiff severe emotional distress and it did in fact cause Plaintiff severe emotional distress, mental anguish and humiliation.

---
**COMPLAINT FOR DAMAGES (CIVIL RIGHTS—LAW ENFORCEMENT)**                                6

22. The aforementioned acts of the individual defendants were willful, wanton, malicious and oppressive and undertaken with conscious disregard of the rights of Plaintiff entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or set an example of defendants for the public good.

WHEREFORE, plaintiff prays relief and judgment as set forth herein.

### FIFTH CAUSE OF ACTION
False Imprisonment/Illegal Detention
(CLIFFORD and DOES 1 – 25)

23. Plaintiff hereby incorporates paragraphs 1 through 22 by reference as though fully set forth.

24. Defendants restrained plaintiff, without just cause, when they placed him in handcuffs against his will prior to placing him under arrest and transporting to jail and further by causing his confinement in jail.

25. The aforementioned acts of the individual defendants were willful, wanton, malicious and oppressive and undertaken with conscious disregard of the rights of plaintiff entitling plaintiff to exemplary and punitive damages in an amount appropriate to punish or set an example of defendants for the public good.

26. Plaintiff was required to retain counsel to redress the wrongful conduct by defendants alleged herein and is consequently entitled to an award of reasonable attorney's fees.

WHEREFORE, plaintiff prays relief and judgment as set forth herein.

### SIXTH CAUSE OF ACTION
Negligence
(CLIFFORD and DOES 1 – 25)

27. Plaintiff incorporates paragraphs 1 through 26 by reference, as though fully set forth.

---

**COMPLAINT FOR DAMAGES (CIVIL RIGHTS—LAW ENFORCEMENT)**  7

28. At all times herein mentioned, defendants were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens in the exercise of the police function. The conduct of defendants, as set forth herein, did not comply with that standard of care, proximately causing plaintiff to suffer damages as set forth herein.

WHEREFORE, plaintiff prays for relief as set forth herein.

## JURY DEMAND

29. Plaintiff demands that a jury try this matter.

## PRAYER

WHEREFORE, plaintiff prays for relief as follows.

1. special damages in an amount to be ascertained according to proof;

2. general damages to be proven;

3. statutory penalties;

4. punitive damages against individually named defendants in an amount sufficient to punish their conduct and to set an example such that similar conduct is abated and/or deterred;

5. reasonable attorney's fees;

6. costs of suit incurred herein; and

7. such other and further relief as the Court may deem just and proper.

Dated: April 21, 2014                     LAW OFFICES OF JOHN L. BURRIS


                                          By: _____
                                                John L. Burris, Esq.
                                             Attorneys for L.W., a minor

---

COMPLAINT FOR DAMAGES (CIVIL RIGHTS—LAW ENFORCEMENT)                    8